# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |
|---|---|
| LINDA SCHUMANN, Administrator of the Estate of Thomas John Schumann, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>K. CRAIG KENT, *et al.*,<br><br>*Defendants*. | )<br>)<br>)<br>)<br>)<br>) Case No. 3:25-cv-00083-NKM<br>)<br>)<br>)<br>)<br>) |

## JOINT DISCOVERY PLAN

Pursuant to Fed. R. Civ. P. 26(f) and as directed by the Court's Order dated December 8, 2025 (ECF No. 53), Plaintiffs in the above-captioned matter and Defendants K. Craig Kent, Melina Kibbe, Wendy Horton, Allan Tsung, Ourania Preventza, Kim de la Cruz, the Rector and Visitors of the University of Virginia, University of Virginia Physicians Group, and the Commonwealth of Virginia (collectively "the Parties"), by their respective undersigned counsel, conferred on January 13, 2026, and now submit the following Joint Discovery Plan ("Discovery Plan") in accordance with Fed. R. Civ. P. 26(f)(2):

1. The Parties will comply with the discovery rules and requirements set forth in the Federal Rules of Civil Procedure, except (a) as modified by the Court's initial Order granting the Parties' Joint Motion to Modify Pretrial Order (ECF No. 53); (b) as amended by this Discovery Plan; and/or (c) as modified by any further orders issued by the Court in this matter.

2. <u>Trial Date</u>: The trial in this matter is currently set to begin on November 23, 2026, and will proceed on the following dates: November 23rd–25th (week 1), November 30th–December 4th (week 2), December 7th–11th (week 3), and December 14th–18th (week 4). The Parties have confirmed and secured these dates with the Clerk's Office.

3. <u>Close of Fact Discovery</u>: The Parties will complete all fact discovery by August 25, 2026 (i.e., 90 days before trial).

4. <u>Expert Disclosures</u>: The expert disclosures required under Fed. R. Civ. P. 26(a)(2) will be made in accordance with the Court's initial Order granting the Parties' Joint Motion to Modify Pretrial Order (ECF No. 53), and as follows: Plaintiffs' affirmative expert disclosures as to its claims by July 27, 2026 (i.e., 120 days before trial); Defendants' responsive expert disclosures by August 26, 2026 (i.e., 30 days after Plaintiffs' expert disclosures). The Parties further agree that expert disclosure deadlines should be workable in light of the timing of core discovery productions. Accordingly, if Defendants' initial ESI/data-map productions described in Paragraph 9(a)-(c) are not substantially complete within 45 days from the filing of this Discovery Plan, then the Parties will confer in good faith regarding a reasonable, proportional adjustment to the expert disclosure deadlines to avoid prejudice and to ensure the disclosures can be completed on the basis of a meaningful factual record. For purposes of this paragraph, "substantially complete" means Defendants have produced (i) the systems identification/data maps described herein at Paragraph 9(a), (ii) the initial core production described in Paragraph 9(b), and (iii) the initial structured data production described in Paragraph 9(c), subject to any agreed protective order and reasonable redactions for privilege.

In the event any Defendant proceeds to file an Answer to Plaintiffs' Complaint for Damages and Equitable Relief that includes one or more counterclaims, a Defendant shall disclose any affirmative expert(s) as to its counterclaim(s) by July 27, 2026 (i.e., 120 days before trial) with Plaintiffs' provided until August 26, 2026 to file any responsive expert disclosures.

5. <u>Close of Expert Discovery</u>: The Parties will complete all expert discovery by September 9, 2026 (i.e., 75 days before trial).

6.      <u>Dispositive Motions Deadline and Hearing</u>: The Parties will file any dispositive motions by September 23~~9~~, 2026 (i.e., 60~~75~~ days before trial), in accordance with the Court's initial Order granting the Parties' Joint Motion to Modify Pretrial Order (ECF No. 53). The deadline for hearing dispositive motions will be October 23~~9~~, 2026 (i.e., 31~~45~~ days before trial). The Parties agree that the currently pending dispositive motions filed by Defendants pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6) (ECF Nos. 61, 63, 65, 67, and 69) shall be heard based on the Court's availability following the completion of motion to dismiss briefing in accordance with the Order dated November 12, 2025 (ECF No. 32). The Parties further agree to meet and confer on options for mutually agreeable hearing dates before contacting the Scheduling Clerk to determine when the Court is available.

7.      <u>Subjects of Discovery</u>: The Parties anticipate discovery on the allegations and claims set forth in Plaintiffs' Complaint for Damages and Equitable Relief (the "Complaint"), as may be amended or narrowed as litigation in this matter proceeds. At the current time, the Parties anticipate discovery on evidence either supporting or refuting the aforementioned allegations and claims and any defenses related thereto. While the Parties provide this summary in compliance with Fed. R. Civ. P. 26(f)(3)(B), each Party acknowledges that discovery, ongoing briefing, and any forthcoming Answers and/or Counterclaims may lead to discovery on other topics.

8.      <u>Claims of Privilege</u>: All claims of attorney-client privilege, work product protection, and/or other privileges existing under applicable law must be made in accordance with Fed. R. Civ. P. 26(b)(5). The Parties agree it shall not be necessary to log all attorney-client communications separately, but that counsel will exchange metadata concerning withheld documents (e.g., identifying author, sends, recipient, date, file name/subject line) and provide further information concerning withheld documents upon reasonable request. The Parties agree

3

that an inadvertent production or disclosure of confidential or privileged materials shall not cause waiver of such privilege or protection, provided that the producing party notifies the receiving party in writing of the unintentional production promptly after the producing party discovers the inadvertent production. The Parties further agree to confer in good faith regarding entry of an order under Federal Rule of Evidence 502(d) addressing inadvertent production and clawback procedures. The Parties further agree that no party shall be required to log privileged communications occurring after ~~service~~ the filing of ~~the~~ Plaintiffs' Complaint for Damages and Equitable Relief ~~Notice of Claims Letter~~ dated ~~June 27~~October 3, 2025.

9.     <u>Electronically-Stored Information</u>: The Parties agree that the search for electronically-stored information ("ESI") shall be governed by an "ESI Protocol" to be negotiated and agreed upon by the Parties as promptly as practicable. While the Parties work in good faith to finalize an ESI Protocol, the Parties may begin producing non-controversial categories of ESI and core documents in reasonably usable form to avoid unnecessary delay. The non-controversial categories of ESI and core documents shall be produced as follows:

a) Systems identification / data maps. Within 30 days of entry of this Discovery Plan, each Defendant will provide a high-level description identifying the primary repositories reasonably likely to contain responsive ESI relevant to the Plaintiffs' claims and defenses, including (to the extent applicable) email/messaging platforms, shared drives, incident reporting systems (including BE SAFE), HR/credentialing/privileging systems, and billing/coding-related systems and repositories.

b) Initial core production. Within 45 days of entry of this Discovery Plan, Defendants will begin producing core, non-controversial categories of documents, including applicable

4

policies/procedures and reasonably accessible communications for agreed initial custodians, subject to any protective order and appropriate redactions for privilege.

c) Structured data. The Parties will meet and confer promptly regarding the form and content of any requested structured datasets (including billing/coding/modifier-related extracts). Where production of structured data is appropriate, Defendants will produce such data in a reasonably usable format (e.g., native or delimited form) accompanied by an index and/or data dictionary sufficient to interpret the fields.

~~prior to any party producing ESI in this matter.~~ Upon entry of this Discovery Plan, the Parties agree to meet and confer in good faith to develop sets of agreed upon: (a) search terms applicable to each Defendant; (b) custodians whose ESI shall be subject to search and application of the agreed upon search terms; and (c) time/date limitations, recognizing that relevant time periods applicable to ESI may vary based on the custodian at issue. Production of any ESI shall be in reasonably usable form, including text-searchable PDF format (or TIFF with OCR), while spreadsheets and audio/visual recordings will be produced natively ~~or single-image TIFF files, with the exception of spreadsheets and audio/visual recordings, which shall be produced natively~~. To the extent production in these formats presents unanticipated challenges, the Parties will confer as to the most appropriate formation for production before seeking relief from the Court. To the extent that information contained in ESI is or becomes relevant to the proceedings (e.g., metadata, or other embedded information), the Parties agree to confer in good faith to devise a plan to produce such ESI in a usable and convenient form which does not unduly burden the other party. For email and other message-based communications, the Parties will confer in good faith regarding a production format that reasonably preserves metadata needed to evaluate context (including recipients, sent/received dates, and threading) without undue burden. The Parties further agree that

ESI produced in PDF or TIFF format shall bear a legible, unique Bates number on each page, and that numbering shall be sequential within a given document. Additionally, for the production of ESI, parent-child relationships (e.g., the association between an attachment and its parent document) that have been maintained in the ordinary course of business will be preserved and produced. Documents ~~may~~ will be globally de-duplicated if all duplicated versions are preserved. For structured datasets, the Parties will confer in good faith regarding native or delimited production accompanied by an index and/or data dictionary. Nothing in this Discovery Plan is intended to impose numerical limits on custodians, search terms, or time/date ranges; the Parties will address those issues on a repository- and custodian-specific basis after the systems identification/data maps are exchanged.

     10.     Protective Order: The Parties anticipate that the production of confidential documents may be necessary in this action, particularly correspondence and/or documents containing health information subject to protection under the Health Insurance Portability and Accountability Act ("HIPAA"). The Parties will separately file a proposed stipulated protective order for consideration by the Court.

     11.     E-mail Service: The Parties agree that discovery requests, objections, responses, or other papers, including attachments, not served via CM/ECF, may be served on all counsel of record via email. The Parties agree that pleadings and papers served by CM/ECF or by e-mail shall be sufficient and there is no obligation or requirement to also serve by United States mail.

     12.     Settlement/Alternative Dispute Resolution: Through their respective counsel, the Parties have discussed "the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case" in accordance with Fed. R. Civ. P. 26(f)(2). ~~Plaintiffs are _____ with respect to settlement discussions and/or a potential mediation of this~~

~~matter with one or multiple Defendants. Defendants~~The Parties believe that settlement discussions amongst the Parties or otherwise proceeding with forms of alternative dispute resolution are unlikely to be productive at this time. However, the Parties agree to periodically revisit the timing and utility of settlement discussions and alternative dispute resolution as the case procedurally matures. ~~and would prefer to wait for the Court's ruling on the currently pending motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). *See* ECF Nos. 61, 63, 65, 67, and 69.~~

13. The Parties respectfully reserve the right to seek modification of this Discovery Plan upon entry by the Court for good cause shown following proper notice and a hearing if needed.

Dated: January __, 2026    Respectfully submitted,

/s/ _____
Les S. Bowers (VSB No. 77840)
Michie Hamlett, PLLC
310 4th Street N.E., 2nd Floor
P.O. Box 298
Charlottesville, Virginia 22902
Telephone: (434) 951-7200
Facsimile: (434) 951-7256
lbowers@michiehamlett.com

*Counsel for Plaintiffs*

/s/ _____.
Gladstone N. Jones, III (*pro hac vice*)
Lynn E. Swanson (*pro hac vice*)
Thomas F. Dixon (*pro hac vice*)
Jones Swanson Huddell LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
Telephone: (504) 523-2500
Facsimile: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com
tdixon@jonesswanson.com

7

*Counsel for Plaintiffs*

/s/
Kristin B. Johnson (VSB No. 71115)
Justin M. Lugar (VSB No. 77007)
J. Benjamin Rottenborn (VSB No. 84796)
Joshua Treece (VSB No. 79149)
Woods Rogers Vandeventer Black PLC
10 South Jefferson Street, Suite 1800
Roanoke, Virginia 24011
Telephone: (540) 983-7600
Facsimile: (540) 983-7711
kristin.johnson@woodsrogers.com
justin.lugar@woodsrogers.com
ben.rottenborn@woodsrogers.com
joshua.treece@woodsrogers.com

*Counsel for University of Virginia Physicians Group*

/s/
John L. Brownlee (VSB No. 37358)
Robert J. Farlow (VSB No. 87507)
Ashley Akers (*pro hac vice*)
Holland & Knight LLP
1650 Tysons Blvd, Suite 1700
Telephone: (703) 720-8600
Facsimile: (703) 720-8610
john.brownlee@hklaw.com
robert.farlow@hklaw.com
ashley.akers@hklaw.com

*Counsel for the Rector and Visitors of the University of Virginia, and the Commonwealth of Virginia*

/s/
Sean O'Connell (VSB No. 95281)
Baker Donelson Bearman Caldwell
& Berkowitz, PC

8

901 K Street NW, Suite 900
Washington, DC 20001
Telephone: (202) 508-3400
Facsimile: (202) 508-3402
soconnell@bakerdonelson.com

*Counsel for K. Craig Kent, Melina Kibbe, Wendy Horton, and Allan Tsung*

*/s/*
Roman Lifson (VSB No. 43714)
David B. Lacy (VSB No. 71177)
Joseph J. Marino (VSB No. 100517)
Christian & Barton, LLP
901 East Cary Street, Suite 1800
Richmond, Virginia 23219
Telephone: (804) 697-4100
Facsimile: (804) 697-6112
rlifson@cblaw.com
dlacy@cblaw.com
jmarino@cblaw.com

*Counsel for Ourania Preventza*

*/s/*
Mike Melis (VSB No. 43021)
C. Quinn Adams (VSB No. 90506)
Enaita Chopra (VSB No. 99297)
O'Hagan Meyer, PLLC
411 East Franklin Street, Suite 500
Richmond, Virginia 23219
Telephone: (804) 403-7100
Facsimile: (804) 403-7110
mmelis@ohaganmeyer.com
cadams@ohaganmeyer.com
echopra@ohaganmeyer.com

*Counsel for Kim de la Cruz*

9

## **CERTIFICATE OF SERVICE**

I certify that the foregoing was filed via CM/ECF on January __, 2026, which will provide notification to all counsel of record.