# EXHIBIT B

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| LINDA SCHUMANN, ADMINISTRATOR OF THE ESTATE OF THOMAS JOHN SCHUMANN, DECEASED, et al.<br><br>*Plaintiffs,*<br><br>v.<br><br>K. CRAIG KENT, et al.<br><br>*Defendants.* | Civil Action No. 3:25-cv-00083 |

**PLAINTIFFS' FIRST SET OF INTERROGATORIES AND
REQUESTS FOR PRODUCTION OF DOCUMENTS,**

COME NOW the Plaintiffs, by counsel, and hereby serve the following First Set of Interrogatories and Requests for Production of Documents on Defendants The Rector and Visitors of the University of Virginia, the University of Virginia Physicians Group, and the Commonwealth of Virginia pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1. "You" and "Your" means The Rector and Visitors of the University of Virginia, the University of Virginia Physicians Group, and the Commonwealth of Virginia, together with their predecessors, and any of their present or former owners, employees, agents, representatives, attorneys, investigators, or any other person or entity acting on behalf of these entities at any time. "You" and "Your" also means any and all present or former parent companies, affiliates, subsidiaries, successors, and predecessors, and their respective owners, officers, agents, representatives, employees, and all other persons or entities acting on their behalf at any time.

2. "Correspondence" or "Communication" shall mean all written or verbal communications, by any and all methods, including without limitation letters, memoranda, electronic mail, and/or text messages, by which information, in whatever form, is stored, transmitted, or received.

3. "Defendants" shall mean the named Defendants in this action: K. Craig Kent, Melina Kibbe, Wendy Horton, Allan Tsung, Ourania Preventza, Kim de la Cruz, The Rector and Visitors of the University of Virginia, the University of Virginia Physicians Group, and the Commonwealth of Virginia.

4. "Plaintiffs" shall mean Linda Schumann, Administrator of the Estate of Thomas John Schumann, Deceased, Carrie Finch-Smith, Administrator of the Estate of James Gordon Smith, Deceased; Dr. Jeffrey S. Young, Dr. Kenan W. Yount, Dr. Mark E. Roeser, and Dr. John A. Kern.

5. "Document" or "Documents" means each and every written, printed, recorded, graphic, or manual records or representations or matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, including without limitation all printed and electronic copies (including metadata) of medical records, electronic mail ("e-mail"), text messages, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, proposals, requests for proposals, requests for bids, job postings, offers, contracts, agreements, reports, audits, financial reviews, surveys, computer data (including information on programs stored in a computer or network of computers, whether or not ever printed out or displayed) computer printouts, data compilations of any kind, statistics, teletypes, telexes, facsimiles, invoices, bills, payment requests, order forms, checks,

drafts, statements, credit memos, reports, summaries, interoffice and intra-office communications, books, ledgers, notebooks, schedules, appointment books or calendars, telephone messages, telephone logs, teletypes, telefaxes, lists, confirmations, agendas, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, notations of any kind, and/or any written or recorded materials of any other kind; all drafts, alterations, modifications, changes or amendments of any of the foregoing however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, copies of any of the foregoing that contain any notes, comments, or markings of any kind not found on the original Documents or that are otherwise not identical to the original Documents.

6. The terms "identify," "identifies," "identified," or "identification," when referring to an individual, means his or her full name, address, employer, and employment title. When referring to a Document, it means the following information irrespective of whether the Document is deemed privileged or subject to any claim of privilege:

(a) The title or other means of identification of the Document.

(b) The date of the Document.

(c) The author of the Document.

(d) The recipient or recipients of the Document.

(e) The present location of any and all copies of each such Document in Your care, custody, or control.

(f) The names and current addresses of any and all persons who have custody and control of each such Document or copies thereof.

(g) If all copies of the Document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the Document and the date the Document was destroyed.

3

7. References to the singular include the plural and vice versa; references to the past tense include the present tense; references to the present tense include the past tense; "any shall be understood to include and encompass "all" and vice versa; wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa; "including" shall mean "including without limitation;" and disjunctive terms or phrases should be read to include the conjunctive and vice versa (for example, the term "and" includes "or," and the term "or" includes "and").

8. In the event that a Document requested is claimed to be privileged, You are hereby asked to identify such Document in writing in sufficient detail so as to enable the Court to rule upon the claim of privilege, including in such description its date, its author(s), its title (if any), the persons to whom the Document is directed (if any, and including those copied on the Document, if any), the number of person(s) to receive copies of the Document, the number of pages and the substance thereof (to the extent not privileged).

9. If any Document requested herein is withheld, in all or part, based on a claim that such Document constitutes attorney work product, provide all of the information described in Instruction No. 8 and also identify the litigation in connection with which the Document and the information it contains was obtained and/or prepared.

10. The Requests call for the production of all responsive Documents in your possession, custody, or control, without regard to the physical location of such documents.

11. If you are unable to answer or respond fully to any interrogatory or document request, answer or respond to the extent possible and specify the reasons for your inability to answer or respond in full. If You have no documents responsive to a particular Request, You shall so state.

12. Each interrogatory or request shall be construed independently and not by reference to any other interrogatory or request for the purpose of limitation.

13. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

14. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for your inability to produce the remainder of the Document stating whatever information, knowledge or belief which you have concerning the portion not produced.

15. If any Document requested was in Defendants' possession or control, but is no longer in their possession or control, state what disposition was made of said Document, the reason for such disposition, and the date of such disposition.

16. If any Documents requested were at any one time in existence but are no longer in existence, then so state, specifying for each Document (a) the type of document; (b) the types of information contained therein; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

17. Any copy of a Document that is not identical shall be considered a separate Document.

18. Plaintiffs do not seek and do not require the production of multiple copies of identical Documents.

5

19. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of business. Documents attached to each other shall not be separated.

20. These interrogatories and requests are deemed to be continuing. If, after answering and/or producing Documents you obtain or become aware of any further information, Documents, things, or information responsive to this Request, you are required to so state by supplementing your responses and producing such additional Documents to Plaintiff.

## INTERROGATORIES

Unless otherwise specified, these Requests seek information from January 1, 2018 to present.

**INTERROGATORY NO. 1**:

Please identify every electronic database, software application, platform, System, repository, messaging System, or tool (for brevity, "System") that has been used, accessed, or maintained by Defendants or on their behalf from January 1, 2018 to the present, that contains, stores, processes, transmits, or logs any information relating to the following:

   a. Patient care;
   b. Medicare records;
   c. Insurance claim information;
   d. Billing, coding, claims submission, reimbursement, or revenue-cycle management;
   e. Physician compensation, Relative Value Units ("RVUs"), Compensation by Revenue Percentage ("CRPs") and Case Mix Index ("CMI");
   f. Credentialing, privileging, peer review, Human Resource records, including performance reviews;
   g. Quality, safety, morbidity and mortality, and incident reporting;
   h. Be Safe reports;
   i. Internal policies and procedures;
   j. Compliance, auditing, and internal investigations;
   k. Human resources, performance management, promotion, and discipline;
   l. Communications (internal and external);
   m. Scheduling, operating room utilization, and staffing; and
   n. Financial reporting, budgeting, and forecasting.

6

For avoidance of doubt, this Interrogatory includes Systems maintained by third parties on Defendants' behalf, Systems containing responsive information created or received by Defendants even if stored outside Defendants' direct control, and any successor or replacement Systems to those used during the Relevant Period. For each System identified in response to this Interrogatory No. 1, please provide:

a. The System's name (including vendor name and internal name, if different);
b. The System's function and purpose;
c. The type of data stored;
d. The relevant date range of data available;
e. Whether the System is active, inactive, archived, or decommissioned;
f. The custodian(s) or department(s) responsible for the System;
g. Whether the System maintains audit logs, metadata, or version histories;
h. Whether data can be exported from the System in native format;
i. Any third-party vendors or contractors with access to the System; and
j. Any policies governing retention, deletion, or modification of data within the System.
k. For Microsoft 365 and Teams specifically, identify the tenant, the retention policies/labels applicable to Teams chats, channel messages, and attachments, and the tool(s) used to place legal holds and export Teams content (including chats, channels, and attachments).
l. The physical and/or logical location of the System (on-premises, cloud-hosted, hybrid), including the hosting provider (if applicable) and whether the System is maintained by UVA, UPG, the Commonwealth, a vendor, or another third party;
m. The primary method(s) by which users access the System (web portal, desktop client, mobile app, API, VPN), and whether access is available on mobile devices;
n. The System's retention configuration/settings in effect from January 1, 2018 to present (including default retention periods, auto-deletion settings, archiving settings, and whether retention varies by user, department, or data type);
o. Whether any litigation hold or preservation mechanism exists within the System, and if so, whether it has been activated for data relevant to this matter;
p. A description of the System's available export/collection methods and formats (native export, report export, API export, database query, forensic collection), including the formats available (e.g., CSV, XLSX, JSON, PST, MSG, MBOX, PDF/TIFF) and the metadata fields included in each;
q. Whether the System contains structured data fields relevant to billing/coding/modifiers and provider role attribution, and whether those fields are queryable and exportable in bulk;
r. Whether the System maintains audit logs or change logs that track creation, access, edits, deletions, role and permission changes, or data exports, and the retention period for those logs;

7

    s.  Whether the System is integrated with Epic or any other system identified in your response (including interfaces, data feeds, or downstream warehouses), and identify the integrated system(s) and nature of the integration; and

    t.  Identify the individual(s) most knowledgeable about the System for purposes of ESI collection and retention (name, title, department), including the "system owner" and any eDiscovery/IT point of contact.

This Request **expressly includes**, without limitation, any System that has been used, accessed, or maintained by Defendants or on their behalf from January 1, 2018 to the present, that contains, stores, processes, transmits, or logs any information relating to:

    a.  Electronic Health and Medical Records;
    b.  Billing and coding Systems;
    c.  Data warehouses and analytics platforms;
    d.  Clinical dashboards and scorecards;
    e.  RVU, CRP, CMI, and productivity-tracking tools;
    f.  Modifier tracking Systems;
    g.  Policy and procedure manuals and Systems containing policies and procedures;
    h.  Audit and compliance platforms;
    i.  Credentialing and privileging Systems;
    j.  "Be Safe" reports, other incident reporting, including but not limited to Morbidity and Mortality meetings and presentations, and any other patient safety tools;
    k.  Learning management Systems;
    l.  HR Systems (including performance and discipline modules);
    m.  Email servers;
    n.  Messaging platforms (including Epic and Epic MyChart messaging, Microsoft Teams, Zoom, Slack, Signal, WhatsApp, Telegram, Messenger, Viber, Beeper, Google Messages, Apple iMessage, other text-messaging Systems, and any other mobile-device-based Systems, etc.) To the extent any of the platforms were used for work-related communications by any custodian reasonably likely to possess responsive information, identify the platform and describe the categories of information stored there and the available export/collection method(s);
    o.  Cloud storage (SharePoint, OneDrive, Box, Dropbox, Google Drive, etc.);
    p.  Backup, archival, disaster recovery, and shadow IT Systems. This includes any locally maintained or department-level tools (including spreadsheets, Access databases, shared network folders, or ad hoc tracking logs) used to record, monitor, audit, or report billing/coding/modifier activity, RVU/CRP/CMI metrics, privileging/peer review actions, compliance reviews, or incident reporting.; and
    q.  Locally maintained spreadsheets or databases used in the ordinary course of business.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Unless otherwise specified, these Requests seek Documents from January 1, 2018 to present, including electronically stored information ("ESI") in all forms, including emails, text messages, messaging apps (such as Epic and Epic MyChart messaging, Microsoft Teams, Zoom, Slack, Signal, WhatsApp, Telegram, Messenger, Viber, Beeper, Google Messages, Apple iMessage, other text-messaging Systems, and any other mobile-device-based Systems, etc.), drafts, metadata, audit logs, and deleted materials.

### REQUEST FOR PRODUCTION NO. 1:

Please produce a Document (or Documents) sufficient to identify every System that has been used, accessed, or maintained by Defendants or on their behalf from January 1, 2018 to the present, that contains, stores, processes, transmits, or logs any information relating to the Systems identified in response to Interrogatory No. 1. For each such System, produce Documents sufficient to identify:

a. The System's name (including vendor name and internal name, if different);
b. The System's function and purpose;
c. The type of data stored;
d. The relevant date range of data available;
e. Whether the System is active, inactive, archived, or decommissioned;
f. The custodian(s) or department(s) responsible for the System;
g. Whether the System maintains audit logs, metadata, or version histories;
h. Whether data can be exported in native format;
i. Any third-party vendors or contractors with access;
j. Any policies governing retention, deletion, or modification of data within the System;
k. For Microsoft 365 and Teams specifically, identify the tenant, the retention policies/labels applicable to Teams chats, channel messages, and attachments, and the tool(s) used to place legal holds and export Teams content (including chats, channels, and attachments);
l. The physical and/or logical location of the System (on-premises, cloud-hosted, hybrid), including the hosting provider (if applicable) and whether the System is maintained by UVA, UPG, the Commonwealth, a vendor, or another third party;

9

m. The primary method(s) by which users access the System (web portal, desktop client, mobile app, API, VPN), and whether access is available on mobile devices;
n. The System's retention configuration/settings in effect from January 1, 2018 to present (including default retention periods, auto-deletion settings, archiving settings, and whether retention varies by user, department, or data type);
o. Whether any litigation hold or preservation mechanism exists within the System, and if so, whether it has been activated for data relevant to this matter;
p. A description of the System's available export/collection methods and formats (native export, report export, API export, database query, forensic collection), including the formats available (e.g., CSV, XLSX, JSON, PST, MSG, MBOX, PDF/TIFF) and the metadata fields included in each;
q. Whether the System contains structured data fields relevant to billing/coding/modifiers and provider role attribution, and whether those fields are queryable and exportable in bulk;
r. Whether the System maintains audit logs or change logs that track creation, access, edits, deletions, role and permission changes, or data exports, and the retention period for those logs;
s. Whether the System is integrated with Epic or any other system identified in your response (including interfaces, data feeds, or downstream warehouses), and identify the integrated system(s) and nature of the integration; and
t. Identify the individual(s) most knowledgeable about the System for purposes of ESI collection and retention (name, title, department), including the "system owner" and any eDiscovery/IT point of contact.

**REQUEST FOR PRODUCTION NO. 2**:

Please produce a written certification, signed by a knowledgeable corporate representative, stating that:

> "After reasonable inquiry, the foregoing production in response to Request for Production No. 1 identifies all Systems used by Defendants during the relevant time period that contain potentially responsive information."

This certification shall identify the individual(s) responsible for compiling the inventory.

**REQUEST FOR PRODUCTION NO. 3**:

Please produce all data maps, information governance data maps, systems of record inventories, application inventories, data flow diagrams, or similar Documents (including Documents which collectively constitute the foregoing Documents) sufficient to identify all electronic Systems, databases, repositories, and applications used by Defendants to create, store, transmit, or modify information during the relevant time period. Additionally and in the alternative, produce the Documents that collectively constitute your Data Map, including application inventories, IT asset lists, vendor contracts, and governance materials.

**REQUEST FOR PRODUCTION NO. 4**:

Please produce all data maps, System architecture diagrams, information governance Documents, or IT inventories that reflect or describe the relationship among the Systems identified in response to Request for Production No. 1.

**REQUEST FOR PRODUCTION NO. 5**

Please produce all Documents sufficient to show retention, archiving, and deletion settings for the Systems identified in Interrogatory No. 1 during the Relevant Period, including configuration screenshots, exports, retention labels, and policies (e.g., Microsoft 365 retention policies), and any change logs reflecting modifications to retention settings since January 1, 2018.

**REQUEST FOR PRODUCTION NO. 6**

Please produce all litigation hold notices, custodial hold lists, acknowledgments, preservation instructions, communications with IT/records management regarding preservation, and Documents sufficient to show steps taken to suspend auto-deletion or preserve relevant repositories, including Teams chats, channels and mobile device sources to the extent used for work communications.

**REQUEST FOR PRODUCTION NO. 7**

Please produce Documents sufficient to describe Defendants' capability and process to collect/export Microsoft Teams and other M365 data for legal production, including chats, channels, attachments, meeting chats, and associated metadata, and any SOPs, guidance, or vendor documentation used for such collections.

**REQUEST FOR PRODUCTION NO. 8**

Please produce Documents sufficient to identify the existence, location, retention period, and export capability for audit logs, access logs, and change logs for the Systems identified in Interrogatory No. 1, including (where applicable) logs reflecting (i) user access, (ii) edits/updates, (iii) role/permission changes, and (iv) data exports.

**REQUEST FOR PRODUCTION NO. 9**

Please produce Documents sufficient to describe Defendants' backup, disaster recovery, and archival systems for the Systems identified in Interrogatory No. 1, including backup schedules, retention periods, and the circumstances under which archived/backed-up data can be restored and searched.

**REQUEST FOR PRODUCTION NO. 10**

      Produce policies and Documents sufficient to describe (i) whether Defendants permit or rely upon personal devices for work communications (including SMS/iMessage and third-party messaging apps), (ii) any mobile device management (MDM) in place, and (iii) preservation steps taken for custodians likely to have used mobile devices for work communications.

                                                Respectfully submitted,

                                                LINDA SCHUMANN, ADMINISTRATOR OF THE ESTATE OF THOMAS JOHN SCHUMANN, DECEASED, CARRIE FINCH-SMITH, ADMINISTRATOR OF THE ESTATE OF JAMES GORDON SMITH, DECEASED, DR. JEFFREY S. YOUNG, DR. KENAN W. YOUNT, DR. MARK E. ROESER, and DR. JOHN A. KERN,

                                                */s/ Lynn E. Swanson*
                                                       By Counsel

Les S. Bowers (VSB No. 77840)
MICHIEHAMLETT, PLLC
310 4th Street N.E., 2nd Floor
P.O. Box 298
Charlottesville, Virginia 22902
P: (434) 951-7200
F: (434) 951-7256
lbowers@michiehamlett.com

Anthony M. Russell (VSB No. 44505)
MICHIEHAMLETT, PLLC
109 Norfolk Avenue S.W., 2nd Floor (24011)
P.O. Box 2826
Roanoke, Virginia 24001
P: (540) 492-5300
F: (540) 492-5400
arussell@michiehamlett.com

Gladstone N. Jones, III (LA Bar No. 22221)
*Admitted pro hac vice*
Lynn E. Swanson (LA Bar No. 22650)
*Admitted pro hac vice*
Thomas F. Dixon (LA Bar No. 38952)
*Admitted pro hac vice*
JONES SWANSON HUDDELL LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
P: (504) 523-2500
Fe: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com
tdixon@jonesswanson.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned has this 16th day of January, 2026, served the foregoing document in the above-entitled matter upon all counsel of record by electronic mail.

                                                     */s/ Lynn E. Swanson*