# EXHIBIT C

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

LINDA SCHUMANN, ADMINISTRATOR
OF THE ESTATE OF THOMAS JOHN
SCHUMANN, DECEASED, et al.

    *Plaintiffs,*

          v.            Civil Action No. 3:25-cv-00083

K. CRAIG KENT, et al.

    *Defendants.*

**PLAINTIFFS' SECOND SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS**

COME NOW the Plaintiffs, by counsel, and hereby serve the following Second Set of Requests for Production of Documents on all Defendants pursuant to Rule 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS AND INSTRUCTIONS**

1.     "Correspondence" or "Communication" shall mean all written or verbal communications, by any and all methods, including without limitation letters, memoranda, electronic mail, and/or text messages, by which information, in whatever form, is stored, transmitted, or received.

2.     "Defendants" shall mean the named Defendants in this action: K. Craig Kent, Melina Kibbe, Wendy Horton, Allan Tsung, Ourania Preventza, Kim de la Cruz, The Rector and Visitors of the University of Virginia, the University of Virginia Physicians Group, and the Commonwealth of Virginia.

3. "Plaintiffs" shall mean Linda Schumann, Administrator of the Estate of Thomas John Schumann, Deceased, Carrie Finch-Smith, Administrator of the Estate of James Gordon Smith, Deceased; Dr. Jeffrey S. Young, Dr. Kenan W. Yount, Dr. Mark E. Roeser, and Dr. John A. Kern.

4. "Document" or "Documents" means each and every written, printed, recorded, graphic, or manual records or representations or matter of any kind, type, nature, or description that is or has been in Your possession, custody, or control, including without limitation all printed and electronic copies (including metadata) of medical records, electronic mail ("e-mail"), text messages, notes, correspondence, memoranda, tapes, stenographic or handwritten notes, written forms of any kind, charts, blueprints, drawings, sketches, graphs, plans, articles, specifications, diaries, letters, telegrams, photographs, minutes, proposals, requests for proposals, requests for bids, job postings, offers, contracts, agreements, reports, audits, financial reviews, surveys, computer data (including information on programs stored in a computer or network of computers, whether or not ever printed out or displayed) computer printouts, data compilations of any kind, statistics, teletypes, telexes, facsimiles, invoices, bills, payment requests, order forms, checks, drafts, statements, credit memos, reports, summaries, interoffice and intra-office communications, books, ledgers, notebooks, schedules, appointment books or calendars, telephone messages, telephone logs, teletypes, telefaxes, lists, confirmations, agendas, transparencies, recordings, catalogs, advertisements, promotional materials, films, video tapes, audio tapes, brochures, pamphlets, notations of any kind, and/or any written or recorded materials of any other kind; all drafts, alterations, modifications, changes or amendments of any of the foregoing however stored (whether in tangible or electronic form), recorded, produced, or reproduced, and also including, but not limited to, copies of any of the foregoing that contain any notes, comments, or markings

2

of any kind not found on the original Documents or that are otherwise not identical to the original Documents.

    5.    "You" and "Your" means the recipient of this set of discovery requests, one of the following Defendants: K. Craig Kent, Melina Kibbe, Wendy Horton, Allan Tsung, Ourania Preventza, Kim de la Cruz, The Rector and Visitors of the University of Virginia, the University of Virginia Physicians Group, and the Commonwealth of Virginia, together with their predecessors, and any of their present or former owners, employees, agents, representatives, attorneys, investigators, or any other person or entity acting on behalf of these individuals and entities at any time. "You" and "Your" also means any and all present or former parent companies, affiliates, subsidiaries, successors, and predecessors, and their respective owners, officers, agents, representatives, employees, and all other persons or entities acting on their behalf at any time.

    6.    The terms "identify," "identifies," "identified," or "identification," when referring to an individual, means his or her full name, address, employer, and employment title. When referring to a Document, it means the following information irrespective of whether the Document is deemed privileged or subject to any claim of privilege:

    (a)    The title or other means of identification of the Document.

    (b)    The date of the Document.

    (c)    The author of the Document.

    (d)    The recipient or recipients of the Document.

    (e)    The present location of any and all copies of each such Document in Your care, custody, or control.

    (f)    The names and current addresses of any and all persons who have custody and control of each such Document or copies thereof.

    (g)    If all copies of the Document have been destroyed, the names and current addresses of the person or persons authorizing the destruction of the Document and the date the Document was destroyed.

7. "CMS" includes the Centers for Medicare & Medicaid Services and any contractors, Medicare Administrative Contractors ("MACs"), Unified Program Integrity Contractors ("UPICs"), Zone Program Integrity Contractors ("ZPICs"), Recovery Audit Contractors ("RACs"), Supplemental Medical Review Contractors ("SMRCs"), or other entities acting on CMS's behalf.

8. "Provider(s)" means:

    a.    UVA Health

    b.    University of Virginia Medical Center

    c.    University of Virginia Physicians Group

    d.    Any billing entity submitting claims under their NPIs or CCNs.

    e.    Ourania Preventza (NPI 1508984303)

    f.    Kim de la Cruz (NPI 1902059447)

9. "Medical Billing Modifiers" include, without limitation, -22, -62, -82, -80, -AS, and teaching physician Medical Billing Modifiers.

10. "Time Period" means January 1, 2018 through present.

11. References to the singular include the plural and vice versa; references to the past tense include the present tense; references to the present tense include the past tense; "any shall be understood to include and encompass "all" and vice versa; wherever appropriate herein, the masculine form of a word shall be interpreted as feminine and vice versa; "including" shall mean "including without limitation;" and disjunctive terms or phrases should be read to include the

4

conjunctive and vice versa (for example, the term "and" includes "or," and the term "or" includes "and").

12. In the event that a Document requested is claimed to be privileged, You are hereby asked to identify such Document in writing in sufficient detail so as to enable the Court to rule upon the claim of privilege, including in such description its date, its author(s), its title (if any), the persons to whom the Document is directed (if any, and including those copied on the Document, if any), the number of person(s) to receive copies of the Document, the number of pages and the substance thereof (to the extent not privileged).

13. If any Document requested herein is withheld, in all or part, based on a claim that such Document constitutes attorney work product, provide all of the information described in Instruction No. 8 and also identify the litigation in connection with which the Document and the information it contains was obtained and/or prepared.

14. The Requests call for the production of all responsive Documents in Your possession, custody, or control, without regard to the physical location of such Documents.

15. If You are unable to answer or respond fully to any Document request, answer or respond to the extent possible and specify the reasons for Your inability to answer or respond in full. If You have no Documents responsive to a particular Request, You shall so state.

16. Each request shall be construed independently and not by reference to any other request for the purpose of limitation.

17. In producing Documents, if the original of any Document cannot be located, a copy shall be produced in lieu thereof and shall be legible and bound or stapled in the same manner as the original.

18. If any requested Document cannot be produced in full, produce the Document to the extent possible, specifying each reason for Your inability to produce the remainder of the Document stating whatever information, knowledge or belief which You have concerning the portion not produced.

19. If any Document requested was in Defendants' possession or control, but is no longer in their possession or control, state what disposition was made of said Document, the reason for such disposition, and the date of such disposition.

20. If any Documents requested were at any one time in existence but are no longer in existence, then so state, specifying for each Document (a) the type of Document; (b) the types of information contained therein; (c) the date upon which it ceased to exist; (d) the circumstances under which it ceased to exist; (e) the identity of all persons having knowledge of the circumstances under which it ceased to exist; and (f) the identity of all persons having knowledge or who had knowledge of the contents thereof and each individual's address.

21. Any copy of a Document that is not identical shall be considered a separate Document.

22. Plaintiffs do not seek and do not require the production of multiple copies of identical Documents.

23. All Documents shall be produced in the same order as they are kept or maintained by You in the ordinary course of business. Documents attached to each other shall not be separated.

24. These requests are deemed to be continuing. If, after answering and/or producing Documents You obtain or become aware of any further information, Documents, things, or information responsive to this Request, You are required to so state by supplementing Your responses and producing such additional Documents to Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS TO ALL DEFENDANTS

Unless otherwise specified, these Requests seek Documents from January 1, 2018 to present, including electronically stored information ("ESI") in all forms, including emails, text messages, messaging apps (such as Epic and Epic MyChart messaging, Microsoft Teams, Zoom, Slack, Signal, WhatsApp, Telegram, Messenger, Viber, Beeper, Google Messages, Apple iMessage, other text-messaging Systems, and any other mobile-device-based Systems, etc.), drafts, metadata, audit logs, and deleted materials. Please produce ESI in native format with metadata where available.

## SECOND REQUEST FOR PRODUCTION NO. 1:

Please produce all Communications and/or other Documents amongst You and any of the other Defendants and/or Providers and/or any federal, state, or local governmental agency and/or any private insurer regarding claims and Medical Billing Modifier data, including:

a.  All Medicare claims data submitted by or on behalf of the Providers during the Time Period that include any of the following Medical Billing Modifiers:

   i. -22,
   ii. -25,
   iii. -59,
   iv. -62 (Co-Surgeon),
   v. -82 / -80 (Assistant Surgeon),
   vi. Teaching physician Medical Billing Modifiers;

b.  All Medicare claims data submitted by or on behalf of the Providers during the Time Period that includes any of the following CPT Codes:

   i. 99202,
   ii. 99203,
   iii. 99204,
   iv. 99205,
   v. 99212,
   vi. 99213,
   vii. 99214,

7

       viii.    99215,
       ix.    99221,
       x.    99222,
       xi.    99223,
       xii.    99231,
       xiii.    99232,
       xiv.    99233,
       xv.    99234,
       xvi.    99235,
       xvii.    99236,
       xviii.    99238,
       xix.    99239,
       xx.    99242,
       xxi.    99243,
       xxii.    99244,
       xxiii.    99245,
       xxiv.    99252,
       xxv.    99253,
       xxvi.    99254,
       xxvii.    99291, and
       xxviii.    99292;

c. All Medicare claims data submitted by or on behalf of the following NPI numbers:

    i. 1902059447 (Kim de la Cruz), and
    ii. 1508984303 (Ourania Preventza);

d. For each claim identified in response to (3), above, produce:

    i. CPT/HCPCS codes,
    ii. Medical record Medical Billing Modifiers applied,
    iii. Rendering, billing, and assistant NPIs,
    iv. Dates of service,
    v. Amounts billed and amounts paid, and
    vi. Claim status (paid, denied, adjusted); and

e. Aggregate statistical reports or internal analytics reflecting:

    i. Frequency of Medical Billing Modifier usage by the Providers,
    ii. Comparison of the Providers' Medical Billing Modifier usage to:
        i. State averages,
        ii. Peer academic medical centers, and
        iii. National benchmarks.

**SECOND REQUEST FOR PRODUCTION NO. 2**:

Please produce all Communications and/or other Documents amongst You and any of the other Defendants and/or Providers and/or any federal, state, or local governmental agency and/or any private insurer regarding outlier, flagging, and audit materials, including:

a. All Communications and/or other Documents reflecting outlier detection, risk scoring, or anomaly identification involving the Providers related to:

   i. Medical Billing Modifier usage
   ii. Surgical billing patterns
   iii. Assistant surgeon claims

b. All Communications and/or other Documents, including without limitation audits, reviews, or investigations (formal or informal) concerning:

   i. Improper Medical Billing Modifier use
   ii. Overbilling
   iii. Upcoding
   iv. Teaching physician compliance

c. All Communications and/or other Documents, including without limitation audit findings, draft findings, corrective action plans, or recommendations relating to the Providers.

**SECOND REQUEST FOR PRODUCTION NO. 3**:

Please produce all Communications and/or other Documents amongst You and any of the other Defendants and/or Providers and/or any federal, state, or local governmental agency and/or any private insurer regarding Communications and referrals, including:

a. All Communications and/or other Documents between CMS (or its contractors) and the Providers concerning:

   i. Medical Billing Modifier usage,
   ii. Billing compliance,
   iii. Coding education,
   iv. Overpayment demands, and
   v. Repayment or recoupment.

b. All Communications and/or other Documents reflecting referrals or Communications involving the Providers to or from:

9

     i. The Office of the Inspector General,
     ii. The Department of Justice,
     iii. The Department of Health and Human Services,
     iv. Attorney General for the State of Virginia,
     v. State Medicaid Fraud Control Units, and
     vi. Any law-enforcement or regulatory agency.

**SECOND REQUEST FOR PRODUCTION NO. 4**:

Please produce all Communications and/or other Documents amongst You and any of the other Defendants and/or any federal, state, or local governmental agency and/or any private insurer regarding payments, recoupments, and self-disclosures, including all records of:

a. Overpayment determinations,
b. Voluntary repayments,
c. Self-disclosures, and
d. Settlement discussions or agreements involving the Providers.

**SECOND REQUEST FOR PRODUCTION NO. 5**:

Please produce all Communications and/or other Documents amongst You and any of the other Defendants and/or any federal, state, or local governmental agency and/or any private insurer regarding policy and interpretive guidance provided to Providers, including all Documents reflecting guidance, warnings, or education provided to the Providers regarding:

a. Proper use of Medical Billing Modifiers reflecting increased difficulty of treatment,
b. Proper use of assistant surgeon Medical Billing Modifiers,
c. Co-surgeon billing requirements, and
d. Teaching physician documentation rules.

            Respectfully submitted,

            LINDA SCHUMANN, ADMINISTRATOR OF THE ESTATE OF THOMAS JOHN SCHUMANN, DECEASED, CARRIE FINCH-SMITH, ADMINISTRATOR OF THE ESTATE OF JAMES GORDON SMITH, DECEASED, DR. JEFFREY S. YOUNG, DR. KENAN W. YOUNT, DR. MARK E. ROESER, and DR. JOHN A. KERN,

                                    */s/ Lynn E. Swanson*
                                         By Counsel

Les S. Bowers (VSB No. 77840)
MICHIEHAMLETT, PLLC
310 4th Street N.E., 2nd Floor
P.O. Box 298
Charlottesville, Virginia 22902
P: (434) 951-7200
F: (434) 951-7256
lbowers@michiehamlett.com

Anthony M. Russell (VSB No. 44505)
MICHIEHAMLETT, PLLC
109 Norfolk Avenue S.W., 2nd Floor (24011)
P.O. Box 2826
Roanoke, Virginia 24001
P: (540) 492-5300
F: (540) 492-5400
arussell@michiehamlett.com

Gladstone N. Jones, III (LA Bar No. 22221)
*Admitted pro hac vice*
Lynn E. Swanson (LA Bar No. 22650)
*Admitted pro hac vice*
Thomas F. Dixon (LA Bar No. 38952)
*Admitted pro hac vice*
JONES SWANSON HUDDELL LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
P: (504) 523-2500
Fe: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com
tdixon@jonesswanson.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 19th day of January, 2026, a true and correct copy of the foregoing was served via that Court's electronic case filing System (CM/ECF) to all parties registered to receive such notice in the above-captioned proceeding.

*/s/ Lynn E. Swanson*