CLERKS OFFICE
US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
5/5/2026
LAURA A. AUSTIN, CLERK
BY: s/J. Lopez
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

LINDA SCHUMANN, ET AL.,

                                  *Plaintiffs,*           CASE NO. 3:25-CV-00083

        v.

RECTOR & VISITORS OF THE                               ORDER
UNIVERSITY OF VIRGINIA, ET AL.,

                                  *Defendants.*          JUDGE NORMAN K. MOON

There are five motions to dismiss currently pending, Dkts. 90, 92, 94, 97, 99, all of which are set for oral argument on May 6, 2026. Although the parties are free to argue as they see fit, *see* Dkt. 134, this Order provides some limited guidance.

Defendants assert both Eleventh Amendment and common law sovereign immunity. Dkts. 91, 93, 95, 98, 100. After their motions were filed the Supreme Court decided *Galette v. New Jersey Transit Corp.*, 607 U.S. __, 146 S. Ct. 854, 869 (2026), which clarified the types of entities and individuals that qualify as "arms of the state" for the purposes of sovereign immunity. In *Galette*, the Supreme Court held that sovereign immunity generally does not apply to a "legally separate entity liable for its own judgments." *Id.* at 868. The Supreme Court also reaffirmed a 1911 decision holding that Clemson University was not an arm of South Carolina and, therefore, was not entitled to sovereign immunity. *Id.* at 870 (citing *Hopkins v. Clemson*, 221 U.S. 636 (1911)).

Plaintiffs argue that *Galette* and *Hopkins* preclude a finding that UVA and its related entities are entitled to sovereign immunity. Dkt. 127 at 2. Defendants have not meaningfully engaged with this precedent. Dkt. 128 ("The Medical Leader Defendants reserve the right to address the impact

of *Galette* on the sovereign immunity arguments in connection with the pending motions to dismiss, where the full record and arguments can be presented."). Based on the current record, the Court is inclined to agree that UVA and its related entities are not arms of the state.[1] If UVA and the related entities believe they are still entitled to sovereign immunity post-*Galette*, they must establish the defense by coming forward with evidence proving, among other things, that: (1) they are legally indistinct from the Commonwealth, and (2) the Commonwealth discharges any legal judgments against them. *Galette*, 146 S. Ct. at 869–71; *see also Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014) (the party asserting sovereign immunity bears the burden of proving that immunity applies). Although the Court will not preclude oral argument on sovereign immunity during the May 6th hearing, Defendants may find it more productive to withdraw their current sovereign immunity arguments and file new Rule 12(b)(1) or 56 motions *if* they believe they meet *Galette's* standard for sovereign immunity.

Additionally, the individual Defendants—Wendy Horton, Craig Kent, Melina Kibbe, Allan Tsung, Kim de la Cruz, and Ourania Preventza—argue they are entitled to qualified immunity. Dkts. 93, 95, 100. Qualified immunity is typically "best addressed 'at the summary judgment stage after the facts have been developed through discovery.'" *Nichols v. Bumgarner*, __ F.4th __, 2026 WL 1084251, at *8 (4th Cir. Apr. 22, 2026). The defense is "rarely" granted at the motion to

---

[1] This Court, amongst others, has previously assumed that UVA was entitled to sovereign immunity. *E.g.*, *Sigma Lambda Upsilon/Senoritas Latinas Unidas Sorority, Inc. v. Rector & Visitors of Univ. of Virginia*, 503 F. Supp. 3d 433, 442 (W.D. Va. 2020); *Tigrett v. Rector & Visitors of the Univ. of Va.*, 97 F. Supp. 2d 752, 756 (W.D. Va. 2000). However, the Court is unfamiliar with any binding Fourth Circuit precedent holding that UVA is an arm of the Commonwealth. Therefore, the Court can construe *Galette* without waiting for the Fourth Circuit to vacate a binding decision that UVA is an "arm of the state." *See Columbia Union Coll. v. Clarke*, 159 F.3d 151, 158 (4th Cir. 1998); *see also United States v. Henry*, 11 Fed. Appx. 350, 351 (4th Cir. 2001) (district court must follow binding Fourth Circuit decisions until they have been explicitly overruled by the Fourth Circuit or the Supreme Court).

dismiss stage. *Id.* At first glance, this does not appear to be one of those "rare" cases. Therefore, Defendants may wish to focus their arguments on other issues like: (1) whether Plaintiffs have standing; (2) whether Plaintiffs have alleged sufficient facts to plead a civil RICO claim; and (3) whether the Physician Plaintiffs have alleged sufficient facts to plead retaliation claims under the False Claims Act, the Virginia Fraud Against Taxpayers Act claim, or the Virginia Fraud and Abuse Whistleblower Protection Act. The parties may also wish to address whether Plaintiffs' RICO claims are misjoined with the Physician Plaintiffs' retaliation claims.[2]

Defendants should also be mindful not to repeat one another's arguments and may find it useful to divide-and-conquer by designating a "lead" counsel for each subject matter (*e.g.*, one attorney can take the lead arguing standing, another can take the lead arguing RICO and yet another can take the lead arguing retaliation). Absent an alternative preference from the parties,[3] the Court plans to ask both sides to address the issues identified above—namely, standing; the sufficiency of the RICO allegations; the sufficiency of the retaliation allegations; and misjoinder of claims. The Court prefers to exhaust each issue, in turn, before proceeding to the next.

The Clerk is directed to provide a copy of this Order to all parties.

It is so ordered.

Entered this __5__ day of May, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]    At first blush, it appears that the facts necessary to prove the RICO claim diverge from the facts necessary to prove the FCA retaliation claim.

[3]    The Court reaffirms that the parties have primary responsibility "for preparing their own oral arguments and prioritizing what legal points they wish to make within the time allotted." Dkt. 134. Therefore, to the extent the parties wish to organize their arguments differently, they should make their preferences clear at the beginning of the hearing.