DR. JEFFREY S. YOUNG, et al.

     *Plaintiffs,*

       v.

K. CRAIG KENT, et al.                Civil Action No. 3:25-cv-00083

     *Defendants.*

## **PLAINTIFFS' OPPOSITION TO THE BOARD OF VISITORS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL BRIEFING AND REQUEST FOR A SEPARATE SOVEREIGN-IMMUNITY HEARING**

Plaintiffs respectfully oppose the Rector and Visitors of the University of Virginia's ("BOV") motion to delay this matter further by setting a separate hearing devoted solely to the BOV's motions, and to file a new twenty-page memorandum attempting to add "facts" it previously chose not to present. The motion should be denied in all respects.

On the eve of a hearing that has been set for months, the BOV has filed a motion seeking either (1) to delay the <u>entirety</u> of the hearing set for May 6, or (2) to have the May 6 hearing proceed on *other defendants'* 12(b)(1) and 12(b)(6) motions, after which the BOV could produce newly-manufactured "facts" and a needlessly long brief on sovereign immunity, and thereafter have <u>another</u> hearing on the BOV's recast 12(b)(1) motion and a rehearing on 12(b)(6) arguments. <u>The entire basis for this request</u>: a case that the BOV was aware of for over two months, but deliberately ignored.

The Court should deny the BOV's motion because it would have the practical effect of rewarding the BOV's poor strategic decisions, delaying the inevitable rejection of a futile defense, and needlessly delaying this matter.  The BOV's Rule 12(b)(1) facial challenge should simply be

denied on grounds that the BOV has failed to carry its burden, the May 6 hearing should proceed as to all other issues and *all defendants*, and should the BOV wish to continue to pursue an immunity defense without any legal or factual basis, it should be required to do so via Rule 56.

## I. <u>The BOV failed to carry its burden and waived any right to a second chance.</u>

The BOV chose how to present its Rule 12(b)(1) motion. It filed its Memorandum in support of its Motion to Dismiss Plaintiffs' First Amended Complaint on February 13, 2026, making the strategic decision to rely on a purely facial challenge.[1] ECF 91. Plaintiffs timely responded. ECF 110. Although the BOV's immunity argument was already doomed under existing Fourth Circuit precedent, the United States Supreme Court removed all doubt <u>before</u> the BOV filed its reply. *Galette v. New Jersey Transit Corp.*, 607 U.S. ___, 146 S. Ct. 854 (2026). Plaintiffs could have simply waited until after the defendants' reply briefs were due to file a notice of supplemental authority; instead, Plaintiffs elected to file a Notice of Supplemental Authority the day after the *Galette* decision was delivered so as to give the defendants a fair opportunity to address it in their reply briefs. ECF 119. And yet the BOV's March 6, 2026 Reply Brief did not attempt to engage with *Galette* in any meaningful respect. Instead, in a strange twist, the BOV merely incorporated the *Galette* arguments made by UPG, *the only defendant which admits it is <u>not immune in any respect</u>*, but which chose to brief immunity issues for unclear reasons. ECF 126 at 6-7 & n.4.

Just as it made a poor strategic decision to proceed (twice) with a 12(b)(1) facial challenge, the BOV made a poor strategic decision to ignore *Galette*. But the BOV's head-in-the-sand approach did not end with *Galette*; the BOV also attempted to ignore the Fourth Circuit's controlling "arm of the state" analytical framework in *Oberg*, relying upon red herring arguments

---

[1] The BOV's 12(b)(1) motion to dismiss Plaintiffs' original complaint was also a purely facial challenge.

that *Oberg* was not materially similar because UVA Health is a "non-jural" entity allegedly "under the control" of the legislature. ECF 126 at 6. Put differently, the BOV ignored *Galette* and then tried to cite around *Oberg* using the very factors which the Supreme Court unanimously held in *Galette* were, at best, minimally relevant.

The BOV did not engage with *Galette* or *Oberg* because both cases were fatal to its Rule 12(b)(1) arguments. No "facts" were provided because none would change the outcome. No Virginia statutes relating to the primary *Galette* factors were relied upon because none exist which are favorable to the BOV. The poor strategic decisions of the BOV do not constitute good cause for more briefing, or for delay of the progress of this case. They constitute waiver.

Sovereign immunity may be a threshold defense, but the right to serial briefing is not jurisdictional. A litigant who bears the burden of proof must present its proof when the motion is briefed. See *Hutto v. S.C. Ret. Sys.*, 773 F.3d 536, 543 (4th Cir. 2014). The BOV did not do so. It instead chose to ignore the Supreme Court, ignore the Fourth Circuit's analytical framework, and rely on zero facts, pre-*Galette* assumptions, and conclusory state-law labels. Only after this Court correctly signaled that those arguments were without merit did the BOV seek leave to add "additional facts." That is precisely the type of sandbagging and piecemeal litigation courts routinely reject.

If the BOV wishes to file a Rule 56 immunity motion with its newly-discovered "facts," nothing prevents it from doing so. But the BOV – having made the strategic decision to pursue a purely facial 12(b)(1) challenge – should not be permitted to delay this matter simply because a case <u>it was aware of but failed to address</u> harms its defense. The BOV had to submit any factual record necessary to carry the BOV's Rule 12(b)(1) burden, and they failed to do so. The BOV should not be permitted to litigate immunity one way, wait to see the Court's reaction, and then

ask for a new hearing and an unreasonably-lengthy memorandum under a different theory using as-yet undisclosed "facts."

**II.     The BOV's hypothetical "facts" would be futile under *Galette*.**

The Court should not delay any aspect of the May 6 hearing, or entertain any further Rule 12(b)(1) immunity motion from the BOV because any "supplemental" briefing and factual presentation would be futile. *Galette* makes clear that the arm-of-the-state inquiry overwhelmingly turns on (1) legal structure and (2) formal liability.  Sovereign immunity is "personal" to the State and does not extend to legally independent entities merely because a State calls them instrumentalities or "agencies", funds them, regulates them, has them work in areas of public concern, or exercises a high degree of control over them. *Galette*, 146 S. Ct. at 861-69. The central questions are whether the entity is legally distinct from the State and whether the State is formally liable for its judgments. *Id*. at 868-71.

Even if Supreme Court precedent arguably changed with *Galette*, the statutory framework governing the BOV's existence did not.  There are not any new provisions of the Virginia Code which have somehow changed the BOV's character as a separate corporate entity with traditional corporate powers, including the ability to sue and be sued, hold property, make contracts, and incur debt.  There is not currently, <u>and never has been</u>, any statute pursuant to which the Commonwealth has accepted formal liability for all of the BOV's debts.  To the contrary, there are numerous longstanding statutes specifically stating that the debts and other obligations of the BOV do not bind the Commonwealth and that the BOV cannot pledge the Commonwealth's faith and credit.

Virginia law either does or does not make the BOV a separate corporate entity (which it does, see Va. Code § 23.1-2200).  Likewise, Virginia law either does or does not make the Commonwealth formally liable for all judgments against the BOV; it <u>decidedly does not</u>.  Both

points are decisive under *Galette* or under the pre-*Galette* Fourth Circuit analytical framework. Nothing has changed since the inception of this matter in these regards, and yet the BOV never made any effort to cite Virginia law on either point. Because no statute creates the requisite formal liability, no self-serving affidavit or declaration, budget narrative, risk-management practice, indemnity expectation, or historical funding discussion can manufacture immunity. *Galette* expressly rejected reliance on practical financial expectations, state subsidies, governmental or "public" functions, and labels such as "instrumentality." *Id*. at 866-69.

The BOV's own briefing confirms why additional "facts" are futile. The BOV argued that Virginia law places the Board under General Assembly control, that Board members are appointed by the Governor, that UVA serves public medical and educational functions, that the Attorney General has a role in claims and representation, and that the University may receive protections under the Commonwealth's risk-management plan. ECF 126 at 7-9. *Galette* explains why those categories do not carry the day. But just as importantly, those categories would not have carried the day under the controlling Fourth Circuit analytical framework that predated *Galette.* Again, the BOV simply made a poor decision to ignore cases which were directly on point – and it did so at its own peril.

The BOV's motion is not designed to supply "missing facts." It is designed to evade *Galette*. And it has the practical effect – also advantageous to the BOV and prejudicial to Plaintiffs – of needlessly delaying this matter in pursuit of a defense that has no factual or legal underpinning.

## III. The BOV cannot obstruct discovery and then ambush Plaintiffs with new "facts."

The BOV's motion is even more inequitable because the BOV has deliberately stonewalled discovery while now seeking to surprise Plaintiffs with supposed "facts" never produced, never tested, and never subjected to discovery. Defendants should not be allowed to use discovery

obstruction as both sword and shield: blocking Plaintiffs from obtaining evidence about defendants' wrongdoing, then appearing at a special immunity hearing with a curated factual submission Plaintiffs have had no fair opportunity to examine or test in discovery.

If the Court were inclined to consider any factual sovereign-immunity challenge beyond the existing record, the Court should lift the discovery stay as to <u>all defendants</u> and permit discovery as to <u>all subjects</u>. What the BOV (the primary custodian of nearly all key documents in this case) seeks to do is use its clearly-meritless immunity arguments to avoid merits discovery, i.e., it wishes to selectively produce documents allegedly supporting its immunity claim while hiding documents likely supporting plaintiffs' claims. At a bare minimum, if the Court were inclined to allow the BOV to file a new Rule 12(b)(1) motion with new "facts", Plaintiffs should be permitted to test the BOV's "facts" with written discovery and depositions.

**IV.**     <u>**The Court should proceed with the May 6 hearing and deny any additional hearing.**</u>

The May 6 hearing has been set for months. The parties have all prepared for it extensively. The Court has clearly prepared extensively as well, because it has identified the issues it believes are most useful for argument. A separate sovereign immunity hearing would reward the BOV's failure to meet their burden, delay the inevitable rejection of the BOV's immunity, derail the orderly and timely litigation of this case, and prejudice Plaintiffs by permitting a post-briefing factual ambush.

The Court should not continue any aspect of the May 6 hearing. The Court should simply hold that the BOV's Rule 12(b)(1) motion is denied for failure to carry their burden, and that if the BOV wishes to further pursue "arm of the state" immunity, it is required to do so via Rule 56. In the alternative, to the extent the Court concludes that the BOV should receive additional briefing

and the opportunity to present new "facts", then Plaintiffs request that the entirety of the May 6 hearing be continued to a date certain, and the discovery stay be lifted in its entirety as to all issues.

### CONCLUSION

The BOV had its chance. It filed a motion to dismiss and supporting memorandum. Plaintiffs filed a response, and thereafter filed a Notice of Supplemental Authority flagging the *Galette* case for the BOV. The BOV then filed a reply memorandum refusing to engage with *Galette*. The BOV clearly should have "seen the writing on the wall," but it deliberately chose not to submit any facts and not to meaningfully engage a controlling Supreme Court decision.

The proper consequence is not a new twenty-page brief and a special hearing. The proper consequence is denial of the motion and, to the extent the BOV insists on attempting to claim Eleventh Amendment immunity which *Galette* clearly held it can never have, the BOV should be required to pursue that relief on a Rule 56 motion under an orderly schedule that affords Plaintiffs full discovery and response rights. For these reasons, Plaintiffs respectfully request that the Court deny the BOV's motion and provide to plaintiffs such other and further relief as the Court deems just and proper.

Dated: May 5th, 2026

Respectfully submitted,

DR. JEFFREY S. YOUNG, DR. KENAN W. YOUNT, DR. MARK E. ROESER, and DR. JOHN A. KERN,

/s/ *Les S. Bowers*
By Counsel

Les S. Bowers (VSB No. 77840)
MICHIEHAMLETT, PLLC
310 4th Street N.E., 2nd Floor
P.O. Box 298
Charlottesville, Virginia 22902

P: (434) 951-7200
F: (434) 951-7256
lbowers@michiehamlett.com

Anthony M. Russell (VSB No. 44505)
MICHIEHAMLETT, PLLC
109 Norfolk Avenue S.W., 2nd Floor (24011)
P.O. Box 2826
Roanoke, Virginia 24001
P: (540) 492-5300
F: (540) 492-5400
arussell@michiehamlett.com

Gladstone N. Jones, III (LA Bar No. 22221)

*Admitted pro hac vice*
Lynn E. Swanson (LA Bar No. 22650)
*Admitted pro hac vice*
Thomas F. Dixon (LA Bar No. 38952)
*Admitted pro hac vice*
JONES SWANSON HUDDELL LLC
601 Poydras Street, Suite 2655
New Orleans, Louisiana 70130
P: (504) 523-2500
F: (504) 523-2508
gjones@jonesswanson.com
lswanson@jonesswanson.com
tdixon@jonesswanson.com

   *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that the undersigned has this the 5th day of May, 2026, served the foregoing

document in the above-entitled matter upon all counsel of record by electronic mail.

/s/ *Les S. Bowers*