CLERKS OFFICE US DISTRICT COURT
AT CHARLOTTESVILLE, VA
FILED
November 09, 2026
LAURA A. AUSTIN, CLERK
BY: /s/ Nik Sams
DEPUTY CLERK

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| DR. JEFFREY S. YOUNG, ET AL., *Plaintiffs*, v. RECTOR & VISITORS OF THE UNIVERSITY OF VIRGINIA, ET AL., *Defendants*. | CASE NO. 3:25-CV-00083 JUDGE NORMAN K. MOON |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Jeffrey Young, Kenan Yount, Mark Roeser, and John Kern—current and former employees of the University of Virginia ("UVA"), its medical school, and medical center—sued the University of Virginia, UVA Physicians Group ("UPG"), and Drs. Kent, Kibbe, Tsung, Preventza, and de la Cruz and Ms. Horton, alleging civil RICO violations and False Claims Act ("FCA") and Virginia Fraud Against Taxpayers Act ("VFATA") retaliation. Dkt. 203 at 1–2. Following multiple rounds of briefing, the Court held that UVA is immune from suit and dismissed all counts against the University. *Id.* The Court also held that Plaintiffs lacked statutory standing to assert their RICO claims and dismissed all the counts against Drs. Kent, Kibbe, Tsung, Preventza, and de la Cruz and Ms. Horton. *Id.* The Court also dismissed the RICO counts against UPG but allowed the FCA and VFATA retaliation claims to proceed against that defendant only. *Id.*

Relying on 28 U.S.C. § 1292(b), Plaintiffs seek an interlocutory appeal of the Court's conclusion that UVA is immune from suit as an arm of the state; and alternatively, they ask that the Court enter final judgment pursuant to Fed. R. Civ. P. 54(b) even though two claims are still

pending against UPG. Dkt. 206. UVA opposes both forms of relief. Dkt. 209. For the reasons that follow, the Court will grant Plaintiffs' request to certify an interlocutory appeal and/or final judgment against UVA and Drs. Kent, Kibbe, Tsung, Preventza, and de la Cruz and Ms. Horton.

**A. Section 1292(b)**

28 U.S.C. § 1292(b) governs interlocutory appeals, which may be granted if such an appeal involves (1) "a controlling question of law," (2) "there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the termination of the litigation." Certification under § 1292(b) "should be used sparingly" and "its requirements must be strictly construed." *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (internal quotation marks and citation omitted). Notwithstanding, § 1292(b) review "may be appropriate where the court of appeals can rule on a pure, controlling question of law without having to delve beyond the surface of the record in order to determine the facts." *Id.* at 340–41.

As to the first § 1292(b) factor, the Court agrees with Plaintiffs that UVA's sovereign immunity presents a controlling question of law. Although the *Galette* (and *Ram Ditta*) factors call for some factual weighing, the Fourth Circuit has repeatedly held that "the existence of sovereign immunity is a question of law." *Gibbons v. Gibbs*, 99 F.4th 211, 214 (4th Cir. 2024) (quoting *Franks v. Ross*, 313 F.3d 184, 192 (4th Cir. 2002)); *Albert v. Lierman*, 152 F.4th 554, 560 (4th Cir. 2025). Taking the Fourth Circuit at its word, UVA's immunity is a legal question that fully controls the outcome of the claims brought against UVA.

Second, there is a substantial ground for difference in opinion as to whether UVA is immune. The Court's own Memorandum Opinion demonstrates substantial ground for disagreement. This Court concluded, and still believes, it is bound by *Richard Anderson*

*Photography v. Brown*, 852 F.2d 114, 115 (4th Cir. 1988) to find that UVA is an arm of the state. However, the Court also recognized that the three factors set forth in *Galette v. N.J. Transit Corp.*, 607 U.S. 509, 519 (2026) strongly suggest that UVA is not an arm of the state. While an issue "of first impression do[es] not necessarily create a substantial ground for difference of opinion," interlocutory appeal is warranted "when a matter of first impression also had other grounds for difference of opinion—and met the other two criteria." *Kennedy v. Villa St. Catherine, Inc.*, 2010 WL 9009364, at *2 (D. Md. June 16, 2010). Such is the case here, where *Galette* and *Richard Anderson* conflict. *See Cooke-Bates v. Bayer Corp.*, 2010 WL 4789838, at *2 (E.D. Va. Nov. 16, 2010) ("What matters is whether courts themselves disagree as to what the law is") (citing *KPMG Peat Marwick, LLP v. Estate of Nelco, Ltd.*, 250 B.R. 74, 83 (E.D. Va. 2000)).

Finally, an immediate appeal would materially advance the termination of the litigation. An interlocutory appeal is "limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation [and] is not intended as a vehicle to provide early review of difficult rulings in hard cases." *City of Charleston v. Hotels.com, LP*, 586 F. Supp. 2d 538, 548 (D.S.C. 2008) (quoting *Abortion Rts. Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)). This is one of those extraordinary cases. If the Court is wrong about UVA's sovereign immunity, Plaintiffs and the Court would be put in the unenviable position of conducting two rounds of discovery; two rounds of summary judgment briefing; and two potential trials. By contrast, once the Fourth Circuit resolves the question of UVA's immunity, it will not need to revisit that question a second time.

Because the Court has not entered final judgment (given the presence of another party and surviving claims), its conclusion that UVA is immune from suit "is not otherwise appealable" and is therefore interlocutory. Plaintiffs have satisfied the statutory requirements for certifying an

interlocutory appeal under § 1292(b), and the Court will grant Plaintiffs' request for interlocutory review.

**B. Rule 54(b)**

In the alternative, Plaintiffs seek a Rule 54(b) certification. "Rule 54(b) certification is recognized as the exception rather than the norm." *Braswell Shipyards, Inc. v. Beazer East, Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993). Accordingly, it "must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims[.]" *Id.* (quoting *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

Rule 54(b) provides, "[w]hen an action presents more than one claim for relief ... or ... when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The chief purpose of a Rule 54(b) certification is to prevent piecemeal appeals when multiple claims are resolved at different times during a single lawsuit. *Braswell*, 2 F.3d at 1335. But Rule 54(b) allows district courts to provide relief to litigants that would suffer undue hardship if final judgment were not entered on the adjudicated claim prior to the resolution of the unadjudicated claims. *Id.*

To enter final judgment under Rule 54(b), a court must "first determine whether the judgment is final and second, determine whether there is no just reason for the delay in the entry of judgment." *Kinsale Ins. Co. v. JDBC Holdings, Inc.*, 31 F.4th 870, 873 (4th Cir. 2022) (internal quotation marks and citations omitted). The former determination requires that "the judgment [be] 'final in the sense that it is an ultimate disposition of an individual claim entered in the cour[se] of a multiple claims action.'" *Id.* (quoting *MCI Const., LLC v. City of Greensboro*, 610 F.3d 849, 855

(4th Cir. 2010)). The latter determination requires the district court "to conduct a case-specific inquiry, keeping in mind that this inquiry is 'tilted from the start against the fragmentation of appeals.'" *Id.* at 874 (quoting *Braswell*, 2 F.3d at 1335). This case-specific inquiry is guided by several factors:

(1) the relationship between the adjudicated and unadjudicated claims;

(2) the possibility that the need for review might or might not be mooted by future developments in the district court;

(3) the possibility that the reviewing court might be obliged to consider the same issue a second time;

(4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; and

(5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* The party seeking Rule 54(b) certification bears "[t]he burden ... to demonstrate that the case warrants certification." *Braswell*, 2 F.3d at 1335 (citing *Allis-Chalmers Corp. v. Phil Elec. Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

First, there is little doubt that the Court's October 21, 2026 Memorandum Opinion & Order (Dkt. 203) finally resolves all claims against UVA and Plaintiffs' RICO claims. Therefore, the first step in the Rule 54(b) process is easily satisfied.

Moving to the second step, the five "no just reason" factors also support certification. As to the first factor, there is little connection between the Court's legal conclusion that UVA is immune and the remaining FCA and VFATA retaliation claims against UPG. Likewise, there is little connection between the dismissed RICO claims and the surviving retaliation claims. In other

words, further developments in the district court litigation are unlikely to resolve Plaintiffs' grievances about the Court's October 21, 2026 Memorandum Opinion & Order. This leads to the second factor, which asks whether district court litigation would moot the need for appeal. Resolving Plaintiffs' claims against UPG through more litigation at the district court level is unlikely to moot the appellate issues Plaintiffs wish to raise now. After all, the Court suspects that one of UPG's primary defenses will be that it is not Plaintiffs' statutory employer and that UVA fits that bill. As to the third factor, it is unlikely that the Fourth Circuit would need to address UVA's immunity or RICO standing question twice. There is no reason to believe that the remaining retaliation claims against UPG would ever present similar appellate issues. As to the fourth factor, there is no counterclaim that would offset any judgment. And finally, as to the fifth factor, certifying final judgment now is the most efficient path forward with the least risk of duplicative effort and costs. Accordingly, there is no just reason for delaying the entry of judgment.

Because the Court's October 21, 2026 Memorandum Opinion & Order is final as to UVA and Drs. Kent, Kibbe, Tsung, Preventza, and de la Cruz and Ms. Horton and the Rule 54(b) factors support entry of final judgment, the Court will alternatively grant Plaintiffs' Rule 54(b) motion. This decision, subject to the Fourth Circuit's agreement, authorizes immediate appeal of the dismissed claims against UVA and Drs. Kent, Kibbe, Tsung, Preventza, and de la Cruz and Ms. Horton.

## CONCLUSION

For these reasons, the Court **GRANTS** Plaintiffs' motion for interlocutory appeal and/or Rule 54(b) certification (Dkt. 205).

The Court also **GRANTS** Plaintiffs' motion to stay (Dkt. 207) all proceedings on the surviving claims against Defendant University of Virginia Physicians Group ("UPG") pending

resolution of Plaintiffs' interlocutory appeal. A stay ensures efficiency and reduces costs. The parties are **ORDERED** to file a motion to lift the stay and reopen this case with fourteen (14) days of the Fourth Circuit: (1) issuing its mandate resolving Plaintiffs' appeal, or (2) rejecting this certified appeal.

The Clerk is directed to administratively close this matter pending appeal. The Clerk is further directed to provide a copy of this Memorandum Opinion & Order to all parties of record.

Entered this 9th day of November, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE